## WILLIAMS, et v COMMERCIAL LAND CO

Ohio Appeals, 2nd Dist, Franklin Co
Decided April 11, 1931

George B. Okey and Charles R. Doll, both of Columbus, for Williams, et.

Griffith & Griffith, Columbus, for Land Co.

BY THE COURT

It will therefore be noted that at the time the defendants filed the amended demurrer there had been no modification whatever in the allegations of the amended petition. These allegations were directed specifically against Helen J. Williams who, at the time of the decree, was dead, and, of course, had no interest in the premises and could not be an occupant nor permit occupancy thereof.

We are not raising the question that revivor did not have the effect of causing the action to proceed as it stood at the time of the filing of the amended petition, especially as related to ownership, but to disclose that actually the original defendant neither occupied nor permitted occupancy of the premises by colored persons when the final decree was entered of record.

Counsel have devoted their efforts to a presentation of the law of the case as raised upon the second ground of the demurrer. The restrictive covenants under

consideration, insofar as pertinent to our question read:

"This covenant is made on condition that no part of or interest in the premises herein conveyed shall ever be leased, rented, sold or conveyed to any colored person and that no colored person or persons shall be permitted to occupy the same as principal occupants thereof."

And then follows language, the effect of which is to authorize the grantor, its successors and assigns to enter upon and reclaim the premises.

The plaintiff sets up five particulars wherein it is claimed that the restrictive covenants are void: First, because in perpetuity; Second, against public policy; Third, in contravention of the 14th Amendment of the Federal Constitution; Fourth, in contravention of Sections 1 and 2 of the Bill of Rights, Ohio Constitution; Fifth, because of uncertainty.

We will not discuss the propositions urged in detail, but content ourselves with a consideration of some cases which we feel control.

The condition in the deed is two fold. First, against leasing, renting, selling or conveying the premises to any colored person. This it will be observed insofar as relates to "conveying" is a restriction of alienation to all of a race for all time. In our judgment this part of the condition is invalid. We base our conclusion largely upon the case of Porter v Barrett (Michigan), reported and digested in 42 A. L. R., 1267. The first proposition of the syllabus in this case reads: "Covenant forbidding alienation to persons of the colored race is void as restraint on alienation." The court carefully and completely discusses the question and cites practically all of the cases on the subject then available, including most of the cases cited by counsel for plaintiff. There is also an annotation at page 1273 which brings the adjudicated cases down to the date of the annotation.

To like effect is Los Angeles Investment Company v Alfred Carry (California), reported and annotated in 9 A. L. R., 115, is the third proposition of the syllabus in this case:

"A condition in the grant in fee that the property shall not be sold within a specified time to other than of the Caucasian race is within the operation of a statute making void conditions restraining alienation, when repugnant to the interest created."

This decision was made under a statute peculiar to California, but the principles discussed are pertinent and applicable.

It will be observed that in the California case the condition against alienation was for a limited time, ending January 1, 1930. Notwithstanding, the court refused to sustain the validity of the covenant.

Other cases cited by counsel for plaintiffs are in the main distinguishable from the instant case either because the condition under consideration was for a limited time or the subject matter different.

We, therefore, are of opinion that the operation of the restrictive covenant in the deed in the instant case against alienation to colored persons is void.

Coming now to the second part of the condition. In our judgment the restriction is directed particularly against permitting colored persons to occupy the premises as the principal occupants thereof. There is a distinction between occupying and permitting to occupy. The language was used with respect to the obligation of the owner not to allow or permit colored persons to occupy his premises. This is not a strained construction. Apt language to express a broader purpose would have been—"That no colored person or persons shall occupy or be permitted to occupy the same as the principal occupants thereof." This distinction will be found in the case of Parmlee v Morris (Michigan), 38 A. L. R., 1181, where the covenant reads:

"Said lot shall not be occupied by a colored person or for the purpose of doing a liquor business thereon."

Webster's definition of the word "permit" is "To grant express liberty or license to do; to give leave of; to allow; to put up with; to tolerate; to suffer; not to prohibit or prevent." Synonyms: "To allow, let, grant, admit, suffer, tolerate, consent to."

This definition clearly emphasizes the thought that one does not permit himself to do an act but permits another to do it. It is not used to import the idea that an owner in occupying his own property would be doing so by permission of himself.

The theory, evidently, of the grantor, in preparing this restriction was, first, inhibition against ownership of the property by a colored person, and secondly, prohibition against occupancy by a colored person on behalf of the owner. It was thought that the first condition was accomplished by making a general restriction against alienation to colored persons, and that the second condition was accomplished by restricting the owner from permitting colored persons to occupy the premises.

Clearly, then, a determination of the second part of the restriction under consideration is not required by the facts in this case and would be but obiter if attempted.

We are of opinion that the judgment of the trial court was erroneous and prejudicial to defendants and the case will therefore be reversed and remanded with instructions to sustain the amended demurrer to' the amended petition.

ALLREAD, PJ, KUNKLE and HORNBECK, JJ, concur.